Kent, Ch. J.
delivered the opinion of the Court. The questions raised upon this new case, are, whether the plaintiffs are entitled to recover for a partial loss, and if so, by what rule shall that partial loss be estimated.
The plaintiffs are entitled to recover as for a partial loss. The delay at St. Jago cannot be considered as amounting to a deviation, because, under the'circumstances disclosed by the captain, it does not appear to have been an unreasonable and wilful delay. It was created by probable and flattering expectations of a permission to enter, and the captain acted according to the best of his judgment. While he was seeking another port in the island of Cuba, he was under the protection of the policy, which allowed him to go to a port or ports in the island, and his going into Port Republican was ah act of necessity, and justified by the cause assigned. The detention at Port Republican would have authorized an abandonment on the ground of a loss of a voyage; but as no abandonment was made for that cause, the loss of the voyage, as a technical total loss, is to be put out of view, and we are confined to the effect of the forced sale of the cargo at Port Republican. The cargo did not reach the place of destination, on'account of the detention, and the omission *144 to abandon will not deprive the assured of his right to re- . , , , , • i' • •cover the actual loss he has sustained. This appears from the case of Mitchell v. Edie,* which is, in all mate- • l , m. nal respeets, very analogous to the present case. That was an insurance on goods from Jamaica to London, and by means of a capture which took place on the the vessel was forced into Charleston, where the cargo was sold, after being kept there for several months. The assured aftewards brought their suit upon the policy, without any abandonment, and it was admitted that they were entitled to an average loss to the amount of the dif-' ference between the ¡produce of the sales at Charleston and the invoice; and Buller, J. likewise admitted that they were entitled to recover the amount ofthe commission on selling at Charleston, and it was disallowed in that case for reasons which do, not apply here.
That case, therefore, not only settles the right to recover, but furnishes us with the rule of liquidation of the damages and that rule corresponds with the estimate No" 1. annexed to this case. It would be improper to permit the plaintiffs to recover according to the other estimates, for that would be allowing them to speculate upon the state ofthe market at New-Yorh, and to retain the ultimate profits, if an advantageous return cargo should have been received, or to throw the loss upon the insurer, if a profitable re-investment should not have been made. — • This would not be an equal and just rule. If the plaintiffs did not choose to take upon themselves the risk as to the profit and loss of the goods .brought from St. Domingo, they had their election to abandon, upon notice of the detention and sale at Fort Republican ; not having done so, they cannot now be entitled to recover beyond the amount ofthe difference between the nett produce of the sales at Port Republican, and the invoice, according to schedule No. 1. annexed to the case.
Judgment for the plaintiffs.(a)

 1 Term, 608.

 if a master, acting with honest intentions, and in the use pf ordi *145 nary skill and discretion, depart from the safest and most usual route, this shall not be construed to avoid the policy. Brazier et al. v. Clap. 5. Mass. T. R. 1.
A deviation is a voluntary and unnecessary departure from the wonted course of the voyage implied in the policy.
If a neutral vessel on being pursued by a belligerent cruiser, put into an intermediate port to avoid capture, it is not a deviation. Post v. Phenix Ins. Co. 10 Johns, 79.